UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Case No. 19-cv-3143
FRANCISCO ALMONTE GOMEZ,

        Plaintiff,                         **FLSA COMPLAINT**

       v.

K. DEW REALTY CORP.,
                                      **PLAINTIFF DEMANDS**
                                      **TRIAL BY JURY**

        Defendants
-------------------------------------------------------------------X

Plaintiff FRANCISCO ALMONTE GOMEZ, by her attorneys, SEKENDIZ LAW FIRM P.C., upon information and belief, complain of Defendants as follows:

## INTRODUCTION

1. Plaintiff brings this action charging that the Defendants violated Plaintiff's rights under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201 et seq.), hereinafter "FSLA" or "the Act", to recover unpaid back wages, unpaid overtime, and an additional amount as liquidated damages, reasonable attorneys' fees and costs, and to remedy violations of state common law based upon the pendent jurisdiction of this Court pursuant to *Gibb*, 38 U.S. 715 (1966), and 28 U.S.C. §1367

## JURISDICTION

2. Jurisdiction of this action is conferred upon the court by § 16(b) of the FLSA (29 U.S.C. §216 (b)). The Court also has jurisdiction pursuant to 42 U.S.C. §12101 et. Seq.; 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

3. Jurisdiction is also conferred upon this Court by 42 U.S.C. Sect. 2000e-5; 28 U.S.C. Sect. 1331; and 28 U.S.C. Sect. 1343. 29 U.S.C. § 216 (b) ("FLSA"), 28 U.S.C. § 1337

(interstate commerce).  Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367 (a).

4. This action involves questions of federal law. 28 U.S.C. § 1331

5. Venue is proper in this district based upon Defendants' principal place of business within the Eastern District of New York. 28 U.S.C. §1391(b).

## PARTIES

6. Plaintiff is a resident of the County of Brooklyn and the State of New York.

7. Defendant K. DEW REALTY CORP.  is a domestic corporation that does business in the State of New York.

8. Defendant K. DEW REALTY CORP.   is a foreign corporation that does business in the State of New York.

9. Defendant operate a building located at 379 South 3rd Street, Brooklyn, New York

10. Defendant own a building located at 379 South 3rd Street, Brooklyn, New York

11. Defendant's principal place of business is located at 207 Canal Street 2nd Floor New York, New York, 10013

## MATERIAL FACTS

12. In or around July of 1991, Plaintiff was hired by the defendant as a superintendent.

13. Plaintiff's work hours were from 8:00AM TO 4:00PM seven (7) days a week.

14. Plaintiff worked approximately fifty-six hours (56) a week during his employment with the defendant.

15. Plaintiff's last date of employment was March 28, 2019.

16. Defendant provided Plaintiff a $200.00 (two hundred dollars) rent deduction for the entire service provided within the last three (3) years.

17. Plaintiff's job responsibilities included, mopping the entire building, maintaining the front area, cleaning the garbage, checking leaks, fixing tiles, toilets, bathtubs, responding to tenant's maintenance concerns, and doing painting jobs.

18. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal law.

19. No notification, either in the form of posted notices, or other means, was given to Plaintiff regarding overtime and wages under the FLSA.

20. Defendants did not provide Plaintiff with any document or other statement accounting for his actual hours worked or setting forth the rate of pay for all of her hours worked.

21. Plaintiff now bring this action to recover damages, including but not limited to, unpaid minimum wages and overtime premiums, liquidated damages, interest, attorneys' fees and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA")

22. Defendant willfully violated Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201 et seq.),

23. As a result of the above Plaintiff has been damaged in an amount in excess of the jurisdiction of all lower courts.

24. As Defendant's conduct has been willful, outrageous, done with full knowledge of the law, and malicious, Plaintiff also demands punitive damages against Defendants.

25. Defendant never paid Plaintiff for any overtime hours worked.

26. Defendant's actions created an environment that no reasonable person would tolerate.

27. Defendant violated the FLSA by not paying Plaintiff for overtime work as required by the Act.

28. Defendant violated the FLSA by retaliating against Plaintiff for attempting to exercise his rights under the Act and opposing defendants' unlawful practices.

## AS A FIRST CAUSE OF ACTION
## FOR VIOLATIONS UNDER THE FAIR LABOR STANDARDS ACT

29. Plaintiff repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

30. Defendant willfully employed Plaintiff in the afore-mentioned enterprise for work weeks longer than 40 hours and failed to compensate Plaintiff for her employment in excess of forty (40) hours per week at a rate of at least one and one-half times the rate at which she was employed.

31. Defendant's failure to pay Plaintiff overtime pay in accordance with the Act, was a direct violation of the Act, specifically 29 U.S.C. §207.

32. As a result of the underpayment of wages alleged in this Complaint, Plaintiff has been damaged in at least an amount equal to such underpayment of wages, and Defendant is therefore indebted to Plaintiff for back wages.

33. Defendant willfully violated the Act.

## AS A SECOND CAUSE OF ACTION FOR VIOLATIONS UNDER THE FAIR LABOR STANDARDS ACT

34. Plaintiff repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

35. Defendant willfully employed Plaintiff in the afore-mentioned enterprise for work and failed to pay him the minimum wage mandated by Federal law.

36. Defendant's failure to pay Plaintiff overtime pay in accordance with the Act, was a direct violation of the Act, specifically 29 U.S.C. §206.

37. As a result of the underpayment of wages alleged in this Complaint, Plaintiff has been damaged in at least an amount equal to wages, and Defendant is therefore indebted to Plaintiff for back wages.

38. Defendant willfully violated the Act.

### THIRD CAUSE OF ACTION FOR VIOLATIONS OF MINIMUM WAGE PROVISIONS UNDER THE FAIR LABOR STANDARDS ACT

39. Plaintiff repeat and reallege all paragraphs above as though fully set forth herein.

40. At all relevant times, Defendant was Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (d).

41. At all relevant times, Defendant was engaged in commerce or in an industry or activity affecting commerce.

42. Defendant constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r).

43. Defendant intentionally failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206 (a).

44. Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255 (a).

45. Plaintiff has been damaged in an amount to be determined at trial.

### AS A FORTH VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

46. .Plaintiff repeats and reallege all paragraphs above as though fully set forth herein.

47. Defendant failed to provide Plaintiff with a written notice, in English and in (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

48. Defendant is liable to Plaintiff in the amount of $2,500, together with costs and attorney's fees.

### AS A FIFTH CAUSE OF ACTION VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

49. Plaintiff repeat and reallege all paragraphs above as though set forth fully herein.

50. Defendant has not provided Plaintiff with wage statements upon each payment of wages, as required by NYLL 195(3).

51. Defendant is liable to each Plaintiff in the amount of $2,500, together with costs and attorney's fees.

### INJURY AND DAMAGES

53. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer loss of a salary, overtime payments, bonuses, benefits, tips and other compensation which such employment entails

54. Plaintiff also claims liquidated damages, punitive damages and attorney fees.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendant:

(a) Declaring that Defendant has violated the minimum wage provisions of, and associated rules and regulations under, the FLSA and New York Wage Laws as to Plaintiff;

(b) Declaring that Defendant has violated the overtime wage provisions of, and associated rules and regulations under, the FLSA and New York Wage Laws as to Plaintiff.

(c) Declaring that Defendant has violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA and New York Wage Laws with respect to Plaintiff's and the FLSA and New York Wage Laws compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendant's violation of the provisions of the FLSA and New York Wage Laws were willful as to Plaintiff.

(e) Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA and New York Wage Laws as applicable;

(f) Awarding Plaintiff and the FLSA and New York Wage Laws liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) All such other and further relief as the Court deems just and proper

## JURY DEMAND

Plaintiff demands a trial by jury.
Dated: New York, NY
　　　　May 24, 2019

　　　　　　　　　　　　　　　　　　By:____/Ismail S. Sekendiz/_____
　　　　　　　　　　　　　　　　　　　　　Ismail S. Sekendiz
　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　　45 Broadway Suite: 1420
　　　　　　　　　　　　　　　　　　　　　New York, NY 10006
　　　　　　　　　　　　　　　　　　　　　(212) 380-8087